UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:13-cv-21864-KMM

MIRIAM HART, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

MARQUIS CAPITAL FUND I, LLC and BEHAR, GUTT & GLAZER, P.A.,

    Defendants.

CLASS ACTION

**PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

Plaintiff Miriam Hart ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, sues Marquis Capital Fund I, LLC ("Marquis") and Behar, Gutt & Glazer, P.A. ("Behar") (collectively, "Defendants"), and alleges as follows:

**NATURE OF ACTION**

1.    This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action originated in this State and this District, and where Defendants each reside in this State and this District, and each transact business in this State and this District.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Alachua. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. Plaintiff is obligated, or allegedly obligated, to pay a debt purportedly acquired by Defendant Marquis after the debt was alleged to be in default by the original creditor.

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

7. Defendant Marquis is a Florida Limited Liability Company with principal offices situated at 1557 NE 164th Street, Suite 201, North Miami Beach, Florida. Defendant Marquis may be served through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

8. Defendant Marquis is a debt buyer that purchases stale debts at a discount from face value for the purpose of attempting to collect on those purchased debts. Defendant Marquis contracted with Defendant Behar for the purpose of the collection of debts, controlled Defendant Behar's activities in furtherance of the collection of debts, and directed Defendant Behar's activities in furtherance of the collection of debts, including the collection of the debt alleged to be owed by Plaintiff.

9. Defendant Marquis is a "debt collector" as defined by the FDCPA.

10. Defendant Behar is a Florida professional association with principal offices situated at 2999 N.E. 191st Street, Suite 500, Aventura, Florida. Defendant Behar may be served through its registered agent, Ira Gutt, 2999 N.E. 191st Street, Suite 500, Aventura, Florida.

11. Defendant Behar uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, by another.

12. Defendant Behar is a "debt collector" as defined by the FDCPA.

## FACTUAL ALLEGATIONS

13. On or about February 25, 2011, Plaintiff received a written communication from RCS Recovery Services, LLC that informed Plaintiff that it would be the new servicer of her loan with Wells Fargo Bank, N.A., with loan number ending in 9036 (the "Debt").

14. On or about April 15, 2011, Plaintiff received a written communication from RCS Recovery Services, LLC that informed Plaintiff that it purchased the Debt for collection. The April 15, 2011 letter stated that the amount owed was $18,890.00, and demanded payment. A true and correct copy of the April 15, 2011 communication is attached hereto as Exhibit A.

15. On or about August 30, 2011, Plaintiff received a written communication from RCS Recovery Services, LLC that was virtually identical to the February 25, 2011 communication and stated that it would be the servicer of the Debt.

16. On or about February 14, 2013, Plaintiff received a written communication from Defendant Marquis that stated that it was the new owner and servicer of a loan from Wells Fargo to Plaintiff, and that it had acquired the same from RCS Recovery Services, LLC. The February 14, 2013 communication from Defendant Marquis referenced loan number "102645" and did not state the amount of the debt alleged to be owed. A true and correct copy of the February 14, 2013 communication is attached hereto as Exhibit B.

17. On or about April 10, 2013, Defendant Behar sent a written communication to Plaintiff, referencing File Number 19761.001. A true and correct copy of the April 10, 2013 communication is attached hereto as Exhibit C.

18. The April 10, 2013 communication was the initial communication from Defendant Behar to Plaintiff.

19. The April 10, 2013 communication stated that Defendant Behar represents Defendant Marquis concerning Plaintiff's allegedly past due balance of $18,890.00.

20. The April 10, 2013 communication "demand[ed] the immediate payment of $18890.00, which represents the total balance due." *See* Ex. C.

21. The April 10, 2013 communication continued:

> Please be aware that if the amount of $18890.00 is not paid to the undersigned's office in a check made payable to "Behar, Gutt & Glazer, P.A., Trust Account," within 30 days of this letter, *or if you fail to enter a reasonable payment arrangement with the undersigned by that time*, this office may be instructed to commence formal legal proceedings against you to recover that sum. In the context of that case, and pursuant to Florida Law, we will also seek recovery of interest, court costs and possibly attorney's fees expended by our client. Florida Courts can award attorney's fees and costs in excess of the amount in controversy.

*See* Ex. C.

22. The second page of the April 10, 2013 communication contained the following disclosures:

> This is an attempt to collect a debt. Unless you notify us within 30 days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you. Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor. We may proceed with suit against you immediately after the 30 days, if so requested by our client. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector.

*See* Ex. C.

23. Immediately following these disclosures, the April 10, 2013 communication contained the following language, in bold, capitalized print:

> **THIS WILL BE THE LAST NOTICE THAT YOU RECEIVE OF YOUR OPPORTUNITY TO CURE THE EXISTING DEFAULT. IF YOU CHOOSE TO CURE THIS DEFAULT AND AVOID THE INCUMBENT LEGAL EXPENSE AND EMBARSASSMENT OF FORMAL PROCEEDINGS, YOU MUST DELIVER A CHECK IN THE AMOUNT OF $18890.00 WITHIN THE ABOVE STATED TIME. FAILURE TO MAKE SAID PAYMENT WITHIN THAT TIME WILL BE INTERPRETED AS YOUR DECISION NOT TO AMICABLY RESOLVE THIS MATTER, AND APPROPRIATE LEGAL ACTION WILL BE TAKEN.**

*See* Ex. C.

24. Finally, the April 10, 2013 communication concluded with, in all capital letters: "PLEASE GOVERN YOURSELF ACCORDINGLY!" *See* Ex. C.

25. The language in bold, capitalized letters in the April 10, 2013 communication threatened Plaintiff with "**INCUMBENT LEGAL EXPENSE AND EMBARASSMENT OF FORMAL PLEADINGS**" if she did not "**DELIVER A CHECK IN THE AMOUNT OF $18890.00**" within 30 days of the receipt of the April 10, 2013 communication, notwithstanding the language in the April 10, 2013 communication allowing Plaintiff to dispute the validity of the debt within 30 days after receipt of the letter.

26. In addition, the April 10, 2013 communication, in bold, capitalized letters, stated that Plaintiff's "**FAILURE TO MAKE SAID PAYMENT WITHIN THAT TIME WILL BE INTERPRETED AS YOUR DECISION NOT TO AMICABLY RESOLVE THIS MATTER, AND APPROPRIATE LEGAL ACTION WILL BE TAKEN**," notwithstanding the language in the April 10, 2013 communication allowing Plaintiff to dispute the validity of the debt within 30 days after receipt of the letter.

27. These threats contained in bold, capitalized letters overshadowed and rendered ineffective the 30-day notice provisions contained in the April 10, 2013 correspondence and required by 15 U.S.C. § 1692g.

28. The effect of the April 10, 2013 communication was to cause the least-sophisticated consumer to waive, or believe the consumer did not have, the rights afforded under 15 U.S.C. § 1692g.

29. The langue contained in bold, capital letters, which promised "**APPROPRIATE LEGAL ACTION**" if Plaintiff failed to pay the alleged balance in full within 30 days, was false and misleading and in direct contradiction with 15 U.S.C. § 1692g.

30. In addition, the statements that (1) Plaintiff could only avoid litigation by paying in full within 30 days, and (2) Plaintiff's failure to pay in full within 30 days "**WILL BE INTERPRETED AS YOUR DECISION NOT TO AMICABLY RESOLVE THIS MATTER, AND APPROPRIATE LEGAL ACTION WILL BE TAKEN**," stand in direct contrast with Defendant Behar's statement that Plaintiff could notify it "within 30 days after receipt of this letter that the validity of this debt, or any portion of it, is disputed" and that, if Plaintiff "do[es] notify us of a dispute, we will obtain verification of the debt and mail it to you."  As such, those statements, taken together, are misleading to the least sophisticated consumer.

31. In addition, to the extent Defendant Behar did not intend to provide Plaintiff with the opportunity to validate the Debt as set forth in the validation portion of its April 10, 2013 communication, then the April 10, 2013 communication is misleading to the least sophisticated consumer because it gives the consumer the impression that the consumer has the right to validate the debt, when Defendant Behar asserts that the consumer has no such right.

32. Upon information and belief, Defendants, as a matter of pattern and practice send, or cause to be sent, communications to Florida debtors using language substantially similar or materially identical to that utilized by Defendant Behar in its April 10, 2013 communication to Plaintiff.

## CLASS ACTION ALLEGATIONS

33. Plaintiff bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of three Classes consisting of:

### The Overshadowing Class

All persons located in the State of Florida who, within one year before the date of this complaint, received an initial written communication from Defendants in connection with an attempt to collect any purported consumer debt, in which the written communication stated as follows:

> **IF YOU CHOOSE TO CURE THIS DEFAULT AND AVOID THE INCUMBENT LEGAL EXPENSE AND EMBARSASSMENT OF FORMAL PROCEEDINGS, YOU MUST DELIVER A CHECK IN THE AMOUNT OF [**total amount of debt**] WITHIN"** 30 days.

and/or

> **FAILURE TO MAKE SAID PAYMENT WITHIN** [30 days] **WILL BE INTERPRETED AS YOUR DECISION NOT TO AMICABLY RESOLVE THIS MATTER, AND APPROPRIATE LEGAL ACTION WILL BE TAKEN.**

and/or

> if the amount of [total amount of debt] is not paid to the undersigned's office in a check made payable to "Behar, Gutt & Glazer, P.A., Trust Account," within 30 days of this letter, *or if you fail to enter a reasonable payment arrangement with the undersigned by that time*, this office may be instructed to commence formal legal proceedings against you to recover that sum.

and/or

> We may proceed with suit against you immediately after the 30 days, if so requested by our client.

7

### The Legal Action Class

All persons located in the State of Florida who, within one year before the date of this complaint, received an initial written communication from Defendants in connection with an attempt to collect any purported consumer debt, in which the written communication stated that Defendants "may proceed with suit against you immediately after the 30 days" and/or "**FAILURE TO MAKE SAID PAYMENT WITHIN THAT TIME WILL BE INTERPRETED AS YOUR DECISION NOT TO AMICABLY RESOLVE THIS MATTER, AND APPROPRIATE LEGAL ACTION WILL BE TAKEN.**"

### The Unconscionability Class

All persons located in the State of Florida who, within one year before the date of this complaint, received an initial written communication from Defendants in connection with an attempt to collect any purported consumer debt, in which the written communication stated that the alleged debtor must make full payment of the alleged debt within 30 days to "avoid the incumbent legal expense and embarrassment of formal legal proceedings."

Excluded from the Classes are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

34. The proposed Classes are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed classes are ascertainable in that the names and addresses of all members of the Classes can be identified in business records maintained by Defendants.

35. Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and all claims of the members of the Classes originate from the same conduct, practice and procedure on the part of Defendants and Plaintiff has suffered the same injuries as each member of the Classes. Plaintiff has retained counsel experienced and competent in class action litigation.

36. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the

damages suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

37. Issues of law and fact common to the members of the Classes predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the entire Classes. Among the issues of law and fact common to the Classes are:

   a. Defendants' violations of the FDCPA as alleged herein;

   b. Whether Defendants' written communications are misleading to the least-sophisticated consumer;

   c. Whether Defendant Behar provided proper disclosures as required under 15 U.S.C. § 1692g;

   d. the existence of Defendants' identical conduct particular to the matters at issue;

   e. Defendant Marquis' control and authority over Defendant Behar;

   f. the availability of statutory penalties; and

   g. the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692g
### On behalf of Plaintiff and the Overshadowing Class

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 37.

39. 15 U.S.C. §1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

  (1) the amount of the debt;

  (2) the name of the creditor to whom the debt is owed;

  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

40. The manner in which Defendant Behar conveyed the validation notice required by 15 U.S.C. §1692g was ineffective as other portions of the April 10, 2013 communication to Plaintiff overshadowed and undercut the disclosures required by 15 U.S.C. §1692g.

41. Specifically, the warning in bold, capitalized letters that Plaintiff "must deliver a check in the amount of $18890.00" within 30 days to "avoid the incumbent legal expense and embarrassment of formal proceedings," overshadowed and rendered ineffective Defendant Behar's notice under 15 U.S.C. §1692g, which provides that a consumer may notify a debt collector within 30 days to dispute the accuracy of an alleged debt and that if the consumer so notifies a debt collector, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until

the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

42. In addition, the warning in bold, capitalized letters that "failure to make [complete] payment within [30 days] will be interpreted as your decision not to amicably resolve this matter, and appropriate action will be taken," overshadowed and rendered ineffective the notice under 15 U.S.C. §1692g, which provides that a consumer may notify a debt collector within 30 days to dispute the accuracy of an alleged debt and that if the consumer so notifies a debt collector, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

43. Furthermore, Defendant Behar's statement in the April 10, 2013 communication to Plaintiff that, "[w]e may proceed with suit against you immediately after the 30 days, if so requested by our client," overshadowed and rendered ineffective the notice under 15 U.S.C. §1692g, which provides that a consumer may notify a debt collector within 30 days to dispute the accuracy of an alleged debt and that if the consumer so notifies a debt collector, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

44. Likewise, the statement in the April 10, 2013 communication to Plaintiff that "if the amount of $18890.00 is not paid to the undersigned's office in a check made payable to 'Behar, Gutt

& Glazer, P.A., Trust Account,' within 30 days of this letter, *or if you fail to enter a reasonable payment arrangement with the undersigned by that time*, this office may be instructed to commence formal legal proceedings against you to recover that sum," overshadowed and rendered ineffective the notice under 15 U.S.C. §1692g, which provides that a consumer may notify a debt collector within 30 days to dispute the accuracy of an alleged debt and that if the consumer so notifies a debt collector, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

45. As a result, Defendant Behar overshadowed and undercut its notice of the 30-day period within which Plaintiff had to verify the accuracy of the alleged debt under 15 U.S.C. §1692 and violated 15 U.S.C. §1692g.

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(10)
### On behalf of Plaintiff and the Legal Action Class

46. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 37.

47. 15 U.S.C. §1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*     \*     \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

48. In its April 10, 2013 communication, Defendant Behar made several false, deceptive, or misleading representations in connection with the collection of Plaintiff's alleged debt.

12

49.     Specifically, Defendant Behar falsely and/or deceptively represented that it could file a lawsuit immediately after the expiration of the 30-day notice window provided in 15 U.S.C. §1692g, regardless of whether Plaintiff disputed the validity of the alleged debt.

50.     In addition, Defendant Behar falsely and/or deceptively represented, in bold, capitalized letters, that "If you choose to cure this default and avoid the incumbent legal expense and embarrassment of formal proceedings, you must deliver a check in the amount of $18890.00 within the above stated time."

51.     However, 15 U.S.C. §1692g(b) provides that "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

52.     As a result, Defendant Behar's statement that it could immediately file suit after 30 days was false, deceptive, and misleading and therefore in violation of 15 U.S.C. §1692e(10).

53.     Separately, even if 15 U.S.C. §1692g(b) was inapplicable to Defendant Behar, the statements that (1) Plaintiff could only avoid litigation by paying in full within 30 days, and (2) Plaintiff's failure to pay in full within 30 days "**WILL BE INTERPRETED AS YOUR DECISION NOT TO AMICABLY RESOLVE THIS MATTER, AND APPROPRIATE LEGAL ACTION WILL BE TAKEN**," stand in direct contrast with, and contradict, Defendant Behar's statement that Plaintiff could notify Defendant "within 30 days after receipt of this letter that

13

the validity of this debt, or any portion of it, is disputed" and that, if Plaintiff "do[es] notify us of a dispute, we will obtain verification of the debt and mail it to you."

54. In addition, Defendant Behar's statement that Plaintiff "must deliver a check in the amount of $18890.00 within the above stated time" to "avoid the incumbent legal expense and embarrassment of formal proceedings," was false, deceptive, and misleading and therefore in violation of 15 U.S.C. §1692e(10).

55. As such, Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt.

### COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692f
### On behalf of Plaintiff and the Unconscionability Class

56. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 37.

57. 15 U.S.C. §1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt

58. As outlined herein, the April 10, 2013 communication to Plaintiff constitutes an unfair or unconscionable means to collect or attempt to collect an alleged debt.

59. For example, and among other things, Defendant Behar's statement in its April 10, 2013 communication to Plaintiff that Plaintiff must pay the entire amount allegedly due, within 30 days, to "avoid the incumbent legal expense and embarrassment of formal legal proceedings," is false, unfair, and unconscionable, in that it is inaccurate on its face and contradicts other portions of the April 10, 2013 communication, as set forth herein.

60. In addition, to the extent Defendant Behar did not intend to provide Plaintiff with the opportunity to validate the Debt as set forth in the validation portion of its April 10, 2013

14

communication, then the April 10, 2013 communication is misleading to the least sophisticated consumer because it gives the consumer the impression that the consumer has the right to validate the debt, when Defendant Behar asserts that the consumer has no such right. This constitutes an unfair or unconscionable means to collect or attempt to collect an alleged debt.

61. As such, Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging and declaring that Defendants violated 15 U.S.C. §1692g, 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f;

(c) Awarding Plaintiff and members of the Classes statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00 per class member;

(d) Awarding Plaintiff and members of the Classes actual damages sustained as a result of Defendants' violations, pursuant to 15 U.S.C. §1692k;

(e) Awarding Plaintiff and members of the Classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k;

(f) Enjoining Defendants from taking any of the violative actions referenced herein with regard to Plaintiff and the Classes;

(g) Awarding Plaintiff and the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

(h) Awarding other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: July 19, 2013            Respectfully submitted,

*/s/ Michael L. Greenwald*
MICHAEL L. GREENWALD
Florida Bar No. 761761
JAMES L. DAVIDSON
Florida Bar. No. 723371
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
mgreenwald@mgjdlaw.com
jdavidson@mgjdlaw.com

AARON D. RADBIL
WEISBERG & MEYERS, LLC
Florida Bar No. 047117
5025 N. Central Ave. #602
Phoenix, AZ 85012
Telephone: 888.595.9111 ext. 122
Fax: 866.577.0963
aradbil@attorneysforconsumers.com

*Attorneys for Plaintiff and the Proposed Classes*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on July 19, 2013, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

*/s/ Michael L. Greenwald*
**MICHAEL L. GREENWALD**
Florida Bar. No. 0761761